IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Ronnie Jones,<br><br>        Plaintiff,<br>  v.<br><br>Pegasus Steel, LLC,<br><br>        Defendants. | Case No. 2:23-cv-1738-RMG<br><br>**ORDER AND OPINION** |

Before the Court is the Report and Recommendation (R&R) of the Magistrate Judge recommending Defendants' motion to dismiss be granted in part and denied in part. (Dkt. No. 24). Plaintiff did not file objections to the report. For the reasons set forth below, the Court adopts the R&R as the Order of the Court and grants in part and denies in part Defendants' motion to dismiss. (Dkt. No. 17).

## I.  Background

Plaintiff Ronnie Jones alleges that he was retaliated against by his employer as a result of reporting instances of workplace discrimination to his supervisor. (Dkt. No. 14, ¶ 20). Plaintiff cites instances where Defendants informed Plaintiff that he needed to undertake additional training and sign purportedly "inaccurate disciplinary forms." (*Id.*, ¶ 20). Defendant moves to dismiss Plaintiff's claims, arguing that neither action was materially adverse to Plaintiff's employment and claiming that Plaintiff failed to allege a causal connection between his complaints of discrimination and the alleged actions by Defendants. (Dkt. No. 17).

## II. Legal Standard

### A. Review of R&R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### B. Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 1980). However, while the

Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.     Discussion

Upon review of the record and case law in this Circuit, the Magistrate Judge determined that requiring Plaintiff to retake a certification class did not amount to a materially adverse employment action under Title VII. (Dkt. No. 24 at 5). However, the Magistrate Judge found that Defendants' threat that Plaintiff would be terminated if he failed to sign a disciplinary form was sufficient to allege an adverse action. (*Id.* at 5-6). Finally, the Magistrate Judge recognized a sufficient causal connection existed between Plaintiff's discrimination complaints and Defendants' threat that Plaintiff sign a disciplinary form or face termination to sustain Plaintiff's prima facie case. (*Id.* at 6).

Finding no clear error on the face of the record, this Court accepts the Magistrate Judge's recommendation to grant in part and deny in part Defendants' motion to dismiss. (Dkt. No. 17). Plaintiff's Title VII claim that Defendants retaliated against him by demanding he sign a disciplinary form or face termination after making protected complaints of racial discrimination survives dismissal.

3

## IV.     Conclusion

In light of the foregoing, Defendants' motion to dismiss is **GRANTED** in part and **DENIED** in part. (Dkt. No. 17).

**AND IT IS SO ORDERED.**

  s/Richard M. Gergel  
Richard Mark Gergel  
United States District Judge

August 6, 2024  
Charleston, South Carolina